## FRANCIS H. LEGGETT & CO. v. RITZLER.

(Court of Appeals of District of Columbia. Submitted November 20, 1922. Decided January 2, 1923.)

No. 1526.

Trade-marks and trade-names and unfair competition ☞34—Stockholder appropriating trade-mark of dissolved corporation held to acquire title.

That applicant was the principal stockholder and creditor of a corporation which was dissolved prior to 1914, and by consent of those interested took over its assets and agreed to pay all its obligations, and in 1914 appropriated its trade-mark and used it continuously up to the date of application, *held* to justify the inference that applicant became owner of the mark in 1914.

Appeal from the Commissioner of Patents.

Interference proceeding between Francis H. Leggett & Co., a corporation, and Charles Edward Ritzler. From a decision in favor of the latter, the former appeals. Affirmed.

E. D. Sewall, E. T. Fenwick, and C. R. Allen, all of Washington, D. C., for appellant.

Arthur E. Wallace, of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. Francis H. Leggett & Co., a corporation, caused to be registered the trade-mark "Premier" for nonalcoholic beverages, December 31, 1918, on an application filed August 15, same year. Ritzler is an applicant for registration of the mark "America's Premier" for the same class of goods. His application was filed May 17, 1920. An interference was declared between it and the registered mark. Testimony was taken in behalf of Ritzler. No testimony was produced by the Leggett Company, for the stated reason that it believed Ritzler had failed to prove title to the mark. Both tribunals of the Patent Office found against this contention.

It appears that the mark claimed by Ritzler was at one time owned and used by a corporation which passed into the hands of a receiver some time before 1914, and was dissolved in that year. The Leggett Company argues that Ritzler never acquired ownership of the mark from the corporation. Ritzler denies this. The testimony adduced by him is not very satisfactory. It appears, however, that he was the principal stockholder and creditor of the corporation at the time of its dissolution, and that by consent of those interested he took over its assets, and agreed to pay all its obligations. In 1914, after the dissolution, he appropriated the mark to his goods, and used it continuously up to the time when he m de application for its registration in 1918. In this it seems all parties having any claim against the corporation acquiesced, at least none objected. We think these facts justify the in-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ference that he became the owner of the mark in 1914, and continued as such up to and including the time of his application for its registration, and therefore we affirm the decision of the commissioner.

Affirmed.